UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
BANK OF UTAH,                                                           :
:
Plaintiff,                                :
:   21-CV-3915 (JMF)
-v-                                       :
:   ORDER
ABC AEROLINEAS, S.A. DE C.V.,                                           :
:
Defendant.                                :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Defendant in this action is in default, *see* ECF No. 15, and Plaintiff has moved for an entry of default judgment, *see* ECF No. 17.  On July 21, 2021, the Court held a hearing concerning Plaintiff's motion for default judgment and raised two issues for Plaintiff.  First, the Court sought assurance from Plaintiff, who is proceeding "not in its individual capacity but solely as owner trustee," *see* ECF No. 1 ("Compl."), at 1, that diversity jurisdiction was properly invoked in this case.  Second, the Court noted that a certain category of costs — costs "to meet return conditions" — were based on "estimates," ECF No. 22 ("Brennan Decl."), ¶ 13, and questioned whether an inquest was appropriate.

      In response, Plaintiff filed a supplemental letter on July 23, 2021.  ECF No. 31 ("Pl.'s Supp. Letter").  After reviewing the letter and its citation to controlling authority, *see Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 729 (2d Cir. 2017), the Court is convinced that diversity jurisdiction was properly invoked in this case as between the Plaintiff-Trustee — a citizen of Utah — and Defendant — a citizen of Mexico, *see* Compl. ¶¶ 5-7.

      As to the second issue raised by the Court, citing "undue expense and effort," Plaintiff states that it does not believe an inquest "would serve any useful purpose."  Pl.'s Supp. Letter 3.  Still, it argues that the costs stated in Paragraph 13 of the Brennan Declaration, totaling $2,961,950.00, are appropriately awarded through default judgment.  Plaintiff's invocation of *Fustok v. ContiCommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989), is not convincing.  Yes, the damages there "were neither liquidated nor capable of mathematical calculation," but the district court "relied upon," *inter alia*, "detailed affidavits and documentary evidence" to support its entry of damages.  *Id*.  By contrast, here, at least some portion of the $2,961,950.00 are based solely on Mr. Brennan's say-so — and his fairly conclusory say-so in a single paragraph, no less.  Without more, that is not enough.

      Although Plaintiff acknowledges that the Court "has discretion to decline to award" the $2,961,950.00 in question, the Court understands that at least some portion of this sum is,

indeed, based on documentary evidence.  *See* Brennan Decl. ¶ 13 ("$1,575,582 is based on estimates or quotes provided by potential vendors."); ECF No. 24 ("Butler Decl."), ¶ 24 (same). Unfortunately, while the Butler Declaration contains exhibits providing a documentary basis for some of the relevant costs, they are not properly indexed and the Court is unable to ascertain what portion of the $2,961,950.00, if any, is supported by appropriate documentation. Accordingly, Plaintiff is hereby ORDERED to file a supplemental letter no later than **July 29, 2021**, indicating what portion — if any — of the $2,961,950.00 is supported by appropriate documentation (or, by the same date, to submit a supplemental declaration with additional documentation if Plaintiff wishes to do so), and to submit a correspondingly revised proposed default judgment.

Plaintiff is ORDERED to serve a copy of this Order on Defendant by overnight courier and file proof of service **within two business days of the date of this Order.**

SO ORDERED.

Dated: July 26, 2021
New York, New York

JESSE M. FURMAN
United States District Judge